# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| OnPointe Community Care LV LLC, et al., | Case No. 2:22-cv-01235-GMN-DJA |
| Plaintiff, | **Order** |
| v. | |
| Charter Health Holdings, Inc., | |
| Defendant. | |

This is a breach of contract action arising out of an agreement between Charter Health Holdings, Inc. and OnPointe Community Care LV LLC for Charter to purchase St. Luke's Home Hospice, LLC. (ECF No. 1). Plaintiffs OnPointe, JWR Management LLC, and John Rittenour sue Defendant Charter for damages and injunctive relief, alleging that Defendant breached the agreement and committed fraud. (*Id.*). Plaintiffs move to seal exhibits to their reply in support of their motion for preliminary injunction. (ECF No. 20). Defendant moves to seal an exhibit to its proposed surreply. (ECF No. 28). Neither party opposes the other's motion to seal.

Because Plaintiffs move to seal Defendants' documents only because those documents are subject to a confidentiality agreement, the Court denies Plaintiffs' motion to seal without prejudice. (ECF No. 20). The Court will maintain the document at issue under seal for thirty days and provide the parties an opportunity to file a stipulation explaining why the document should stay under seal. Because Defendant's motion to seal demonstrates compelling reasons to seal the document, the Court grants the motion. (ECF No. 28).

**I.  Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092,

1097 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179). For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies. *See Ctr for Auto Safety*, 809 F.3d at 1095, 1101. Motions for preliminary injunction are commonly more than tangentially related to the merits of a case because they require the court to analyze the merits, and thus, warrant the "compelling reasons" standard. *Id.* at 1099-1101. That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Finally, the failure of a party to file points and authorities in response to a motion constitutes a consent to the granting of the motion. LR 7-2(d).

The Court denies Plaintiffs' motion to seal without prejudice and grants Defendant's motion to seal. The Court does not have enough information to articulate the factual basis for its ruling on Plaintiffs' motion to seal. Plaintiffs submit that they move to seal because Defendant designated the documents at issue as confidential. But Plaintiffs did not provide, and Defendant did not respond with a reason to maintain the documents under seal. Even though Defendant's nonresponse constitutes its consent to the Court granting the motion, without more, the Court cannot grant the motion to seal without relying on hypothesis or conjecture. It thus denies Plaintiffs' motion to seal without prejudice. It will keep the documents at issue—exhibits N, O, and P to Plaintiff's reply (ECF No. 21)—under seal and provide the parties thirty days to file a stipulation to seal the documents that includes an explanation why the documents should remain under seal.

On the other hand, Defendant provides enough information in its motion to seal for the Court to find that it has met the compelling reasons standard, despite citing only the good cause

standard. Although Defendant challenges the legitimacy of Plaintiffs' motion for preliminary injunction, the motion nonetheless requires the Court to consider the merits of the case. The compelling reasons standard thus applies. And while Defendant only cites the good cause standard, it submits that the documents at issue are those that it treats as confidential and the disclosure of which would be harmful to its business. It adds that the surreply to which the documents are attached provides a "detailed description as to the type of relevant information contained therein, without disclosing the confidential information actually contained in the exhibit." (ECF No. 28 at 2). Finally, Plaintiffs have not opposed the motion, constituting their consent to the Court granting it. The Court finds Defendant's explanation to meet the compelling reasons standard and grants the motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to seal (ECF No. 20) is **denied without prejudice**. If the parties do not file a stipulation to seal ECF No. 21 by **November 21, 2022**, the Clerk of Court is kindly directed to unseal ECF No. 21 on November 22, 2022

**IT IS FURTHER ORDERED** that Defendants' motion to seal (ECF No. 28) is **granted.**

DATED: October 21, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE