# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| OnPointe Community Care LV LLC; JWR Management LLC; and John Rittenour,<br><br>Plaintiffs,<br><br>v.<br><br>Charter Health Holdings, Inc.,<br><br>Defendant. | Case No. 2:22-cv-01235-GMN-DJA<br><br>**Report and Recommendation** |

On January 17, 2024, the Court granted Defendant's counsel's motion to withdraw. (ECF No. 47). In that order, the Court gave Defendant until February 16, 2024 to file a status report regarding its retention of counsel. Defendant failed to file a status report.

The Court thus issued an order to show cause on April 1, 2024. (ECF No. 48). In that order, the Court required Defendant to show cause why the Court should not recommend sanctions for Defendant's failure to comply with Court orders and appear in this case through counsel. The Court gave Defendant until April 22, 2024 to respond. It also warned Defendant that "[f]ailure to comply with this order may result in a recommendation of sanctions to the district judge." Defendant again failed to respond or file anything further in this case. The Court thus recommends entering default against Defendant.

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules provide several mechanisms that allow courts to accomplish this goal through the use of sanctions against parties that fail to comply with court orders or that unnecessarily multiply proceedings. *Dollar v. Las Vegas Metropolitan Police Dep't*, No. 2:15-cv-00712-APG-CWH, 2017 WL 3666301, at \*1-2 (D. Nev. Aug. 24, 2017). Federal Rule of Civil Procedure 16 is the central pretrial rule that authorizes courts to manage their cases "so that disposition is expedited,

wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Specifically, Rule 16(f) "puts teeth into these objectives by permitting the judge to make such orders as are just for a party's failure to obey a scheduling or pretrial order, including dismissal." *Id.* Rule 16(f) provides in relevant part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney ... fails to appear at a scheduling or other pretrial conference ... or fails to obey a scheduling order or other pretrial order." Fed. R. Civ. P. 16(f)(1).

Potential sanctions under Rule 37(b)(2)(A) include rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). In determining sanctions under Rule 37(b)(2), a court may consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine*, 460 F.3d at 1226. It is within the court's discretion whether to impose dismissal sanctions. *Id.*

Here, the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of rendering default. Defendant has disengaged from participation in this case, as demonstrated by its failure to comply with the Court's orders requiring it to update the Court regarding its retention of counsel and its failure to respond to the Court's order to show cause. Defendant's repeated failures to comply with the Court's orders are inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action. Defendant's failures to comply with the Court's orders also have interfered with the Court's management of its docket.

The third factor, risk of prejudice, weighs in favor of default. While Defendant would face prejudice by having default entered against it, the other parties to this action also face prejudice by Defendant's failure to engage in this action. Defendant, as a corporation, must appear in court through counsel. *See Reading Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d

1046, 1053 (9th Cir. 2016). Its failure to do so has deprived the parties of the ability to resolve their claims.

The fourth factor, the public policy in favor of deciding cases on their merits, weighs slightly in favor of not entering default. However, if Defendant refuses to follow Court orders and refuses to appear through counsel, the case cannot be decided on its merits at all. Finally, sanctions less drastic than default are unavailable because Defendant has failed to comply with multiple Court orders. Given Defendant's failure to comply with past orders, the Court has no reason to believe it would comply with future orders. Defendant was also warned that failure to comply with the Court's order to show cause would result in a recommendation that default sanctions be entered against it.

**IT IS THEREFORE RECOMMENDED** that default be entered against Defendant. The Clerk of Court is kindly directed to send a copy of this report and recommendation to Defendant.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 2, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE